United States District Court
Southern District of Texas
**ENTERED**
March 04, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DERRICK SMITH, § § Plaintiff. § § V. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 4:23-cv-01953 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Derrick Smith ("Smith") seeks judicial review of an administrative decision denying his application for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). Before me are briefs filed by Smith and Defendant Martin O'Malley, the Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 16, 19. After reviewing the briefing, the record, and the applicable law, I recommend the Commissioner's decision be affirmed.

## BACKGROUND

Smith filed an application for supplemental security income benefits on March 12, 2021, alleging disability beginning March 1, 2021. Smith's application was denied and denied again upon reconsideration. On October 20, 2022, an Administrative Law Judge ("ALJ") held a hearing. On November 8, 2022, the ALJ issued a decision finding that Smith has not been under a disability. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Smith "has not engaged in substantial gainful activity since March 12, 2021, the application date." Dkt. 11-3 at 15.

At Step 2, the ALJ found that Smith suffered from "the following severe impairments: mixed conductive and sensorineural hearing loss of the left ear and tinnitus." *Id.*

At Step 3, the ALJ found that Smith "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 16.

Prior to consideration of Step 4, the ALJ determined Smith's RFC as follows:

> [Smith] can lift and carry ten pounds frequently and twenty pounds occasionally. [Smith] can stand and walk for six hours and sit for six hours of an eight-hour workday. [Smith] cannot be exposed to loud noises or machinery.

*Id.*

At Step 4, the ALJ found that Smith "has no past relevant work." *Id.* at 18. Smith does, however, have "at least a high school education." *Id.*

The ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that [Smith] can perform." *Id.* Based on the Medical-Vocational Rules, the ALJ explained that Smith "has not been under a disability" since his application date. *Id.* at 19.

## DISCUSSION

Smith is representing himself in this appeal and raises four issues for review: (1) that it is "[h]ard finding reasonable paying jobs that makes training for 50+"; (2) that "[i]t's very difficult to find meaningful employment after being convicted of bank robbery and serving 10yrs in prison"; (3) whether Smith meets the requirements of Listing 2.10; and (4) that Smith has degenerative disk disease. Dkt. 16 at 3.

I am sympathetic to Smith's situation, but as I explained at the hearing, even if I disagree with the ALJ's ruling, I cannot reverse the Commissioner's decision unless there is legal error or a lack of substantial evidence. I can only find that an ALJ's ruling is unsupported by substantial evidence "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Ramirez*, 606 F. App'x at 777 (quotation omitted). The phrase "no contrary medical evidence" means that "[n]o medical evidence contradicts [the claimant's disability]." *Payne v. Weinberger*, 480 F.2d 1006, 1008 (5th Cir. 1973). In plain language: as long as the ALJ followed the law, his reasoning makes sense, and there is *some* evidence to support his ruling, I must uphold the Commissioner's decision, even if there is some evidence that suggests a disability. With this standard in mind, I will address each of the four issues Smith raises for review.

Smith contends that his criminal conviction and age "ha[ve] prevented [him] from having the means to support [him]self." Dkt. 16 at 3. I recognize that it is difficult to find work over the age of 50. But the ALJ acknowledged that Smith "changed age category to closely approaching advanced age." Dkt. 11-3 at 18. The ALJ also recognized that, "a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.20 and Rule 202.13" if Smith's RFC encompassed the full range of light work. *Id.* at 19. Because the ALJ determined that Smith's "ability to perform all or substantially all of the requirements of [light] work has been impeded by additional limitations," the ALJ sought testimony from a VE "[t]o determine the extent to which these limitations erode the unskilled light

4

occupational base." *Id*. The VE testified that, even with an RFC of reduced light work, there are jobs in the national economy that Smith could perform. Specifically, a claimant with Smith's RFC could perform the jobs of warehouse checker, mailroom sorter, and office helper. *See id*. At the hearing before me, Smith argued that his status as a felon prevents him from working in jobs that would require handling mail. Whether that is true or not, I am not allowed to consider Smith's criminal convictions as a factor in determining whether the ALJ's decision is supported by substantial evidence. *See* 20 C.F.R. § 404.1566(a)(3) ("We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. ***It does not matter whether . . . [y]ou would be hired if you applied for work.***" (emphasis added)). Accordingly, the ALJ did not err in refusing to consider Smith's criminal convictions, and the ALJ appropriately considered Smith's age.

As for whether Smith's hearing loss requires a finding of disability, Smith references Listing 2.10 and writes: "A person will be considered disabled if their average threshold for air conduction hearing is at least 90 decimals [sic] and their average threshold for bone conduction hearing is at lease [sic] 60 decimals [sic] or if they score 40% less on a word recognition test." Dkt. 16 at 3. The record does not document any air conduction testing, but Smith has had a word recognition test, which showed "100% word recognition on the right side with only 35% in the left." Dkt. 11-3 at 17. Smith presumably thinks that because he only has 35% word recognition in his left ear, he should be found disabled. But the *actual* listing requirement is as follows:

> 2.10 Hearing loss not treated with cochlear implantation.
>
> A. An average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear (see 2.00B2c).
>
> OR

> B. A word recognition score of 40 percent or less ***in the better ear*** determined using a standardized list of phonetically balanced monosyllabic words (see 2.00B2e).

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 2.10 (emphasis added). Because Smith's ***better ear*** has 100% word recognition, it does not matter that he only has 35% word recognition in his left ear. Accordingly, the ALJ's determination that Smith "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" is supported by substantial evidence. Dkt. 11-3 at 16.

Smith also contends that he has degenerative disk disease. That may be, but at the time the ALJ rendered his decision, there was no objective medical evidence in the record regarding problems with Smith's back. The only evidence of Smith's alleged back problems was Smith's own testimony at the hearing before the ALJ. But the ALJ is permitted to consider a claimant's subjective symptoms only to the extent they "can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 416.929(c)(3). Because there was no objective medical evidence in the record to corroborate Smith's subjective complaints of back pain, the ALJ did not err in refusing to credit Smith's subjective complaints of back pain.

Finally, Smith attached to his brief magnetic resonance imaging ("MRI") results that show lumbar degenerative change with foraminal narrowing. The MRI, however, was taken on October 25, 2023. The ALJ issued his decision on November 8, 2022. Evidence must relate "to the time period for which the disability benefits were denied" to be material. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Because the evidence Smith has submitted to this Court post-dates the ALJ's decision by nearly a year, it is not material, and I cannot consider it.

## CONCLUSION

For the reasons stated above, I recommend the Commissioner's decision be upheld and this matter dismissed.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R.

CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 4th day of March 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE